# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Elisabeth J. McGowan, | CASE NO. 1: 18 CV 270 |
| Plaintiff, | |
| | JUDGE PATRICIA A. GAUGHAN |
| v. | |
| Ditech Financial, *et al*., | Memorandum of Opinion and Order |
| Defendants. | |

## Introduction

This civil action was filed by *pro se* Plaintiff Elisabeth J. McGowan against multiple defendants pertaining to a state mortgage foreclosure action brought against the plaintiff and James McGowan in the Cuyahoga County Court of Common Pleas. *See Ditech Financial LLC/fka Green Tree Servicing LLC v. James P. McGowan, et al*., Case No. CV-16-868973. The docket in the state-court action shows that a judgment of foreclosure was entered in favor of Ditech Financial LLC/fka Green Tree Servicing LLC (Ditech) against James McGowan and the plaintiff in connection with property located in Cleveland, and the property was subsequently sold.

In this case, the plaintiff sues entities and individuals who had a role in the state foreclosure matter, namely, Ditech and its foreclosure counsel Ted Humbert, Charles Gasior, Laura Infante, the Law Offices of John D. Clunk Co., and Jaqueline Wirtz. (*See* Doc. No. 1.) Her complaint does not set forth detailed allegations or specific allegations of misconduct on the part of any defendant. She only generally alleges that the defendants have "fraudulently submitt[ed]

questionable documentation" to the Ohio court in violation of the federal False Claims Act, which has resulted in "irrevocable damages to [her] person in asserting claim to [her] home." (*Id*. at p. 3, ¶ A; p. 4 ¶ III.) The relief she "seeks is release of claims from [her] personal property" and to be reimbursed for "all monetary incumberances." (*Id*. at p. 4, ¶ IV.)

The defendants have filed a motion to dismiss the plaintiff's complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 7.) The plaintiff has responded to the motion. (Doc. No. 8.) For the reasons stated below, the defendants' motion to dismiss is granted.

**Analysis**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of a lawsuit where a federal court lacks subject-matter jurisdiction. Under the *Rooker-Feldman* doctrine, federal courts lack subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *See Givens v. Homecomings Financial*, 278 Fed. App'x 607, 609, 2008 WL 2121008, at * 1 (6th Cir. May 20, 2008), citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Thus, the *Rooker-Feldman* doctrine deprives a federal court from exercising jurisdiction "when the cause of the plaintiff's complaints is the state judgment itself." *Id*. Whatever the plaintiff's federal claims are in this case, she is clearly seeking to challenge an unfavorable state-court judgment which is the source of her alleged injuries. Thus, she is inviting this Court to "review and reject" the judgment of the state court in the foreclosure case. This Court lacks subject-matter jurisdiction to do so, and dismissal of her complaint is appropriate on the grounds

of the *Rooker-Feldman* doctrine. *See Givens*, 278 Fed. App'x at 609 (holding that a plaintiff's suit "fits squarely" within the *Rooker-Feldman* doctrine because the "point of th[e] suit [was] to obtain a federal reversal of a state court decision" granting possession of property to defendants). *See also Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed. App'x 487, 490 (6th Cir. 2005) (affirming dismissal of federal claims resting on premise that state foreclosure judgment was invalid).

Further, the plaintiff's claims are also barred by the doctrine of *res judicata,* which provides that "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in a prior action." *In re Alfes*, 709 F.3d 631, 638 (6th Cir. 2013). Under the doctrine, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). A second suit is barred when there is: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. *Id*.

These criteria are satisfied here. (1) A state judgment of foreclosure was entered against the plaintiff in connection with property; (2) this lawsuit involves the same parties or their privies as the state foreclosure action (*i.e.*, the plaintiff, Ditech, and Ditech's counsel); (3) the plaintiff could have litigated the claims she seeks to raise in this case in the state action; and (4) the plaintiff's claims arise out of the same "transaction or occurrence" as the action, *i.e.*, the property

in question and the right of Ditech to foreclose. Accordingly, the plaintiff's claims are barred by *res judicata*. *See, e.g., Clark v. Lender Processing Serv., Inc.*, 949 F. Supp. 2d 763, 773-74 (N.D. Ohio 2013) (holding that *res judicata* barred mortgagor's claims under the FDCPA and Ohio's Consumer Sales Practices Act where there was a prior, final decision on the merits in an underlying state foreclosure action).

Finally, although the standard of review for *pro se* pleadings is liberal, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "the lenient treatment generally accorded *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). In order to survive a dismissal for failure to state a claim, a *pro se* complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that *pro se* complaints must satisfy the basic pleading standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The plaintiff's "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Even according the plaintiff's complaint the deference to which a *pro se* pleading is entitled, it does not meet basic federal notice pleading requirements and does not set forth allegations sufficient to state a plausible federal claim even to the extent her alleged claims may not be barred by the *Rooker-Feldman* doctrine or *res judicata*. The plaintiff's purely conclusory

allegations that the defendants have "fraudulently submitt[ed] questionable documentation" to the Ohio court are insufficient to suggest she has any plausible federal claim against any defendant under the False Claims Act or otherwise. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief); *see also Chesbrough v. VPA, P.C.*, 655 F.3d 461, 466 (6th Cir. 2011) ("Complaints alleging FCA violations must comply with Rule 9(b)'s requirement that fraud be pled with particularity").

**Conclusion**

Accordingly, the plaintiff's application to proceed *in forma pauperis* in this matter (Doc. No. 2) is granted, but for the reasons stated above, the defendants' motion to dismiss her complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) is granted. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 5/23/18